UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

                                               Chapter 7

Mark T. Lavelle and Sandra S. Lavelle,
aka Sandra S. Correa, aka Sandra S. Krauss,
aka Sandra S. Gontigo,

                                               Case No.: 09-72389-478

                        Debtors.
---------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER

*Appearances:*

                                     Mendelson & Associates
                                   *Attorneys for the Debtors*
                                By: Norman M. Mendelson, Esq.
                                2014 Grand Avenue, Suite 202
                                  Baldwin, New York 11510


                                     Steven J. Baum, P.C.
                         *Attorneys for Bank of America, N.A.*
                                By: Marin L. Buczkowski, Esq.
                     900 Merchant's Concourse, Suite 412
                                   Westbury, New York 11590


                   Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge

Before the Court is the Debtors' cross-motion to void the lien of the second mortgagee against the Debtors' real property. At issue is whether a second mortgage that is wholly unsecured by virtue of the first mortgage exceeding the value of the property may be "stripped off" pursuant to 11 U.S.C. 506(d). The Court has jurisdiction pursuant to 28 U.S.C. § 1334(a) and (b). This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (O) and 11 U.S.C. § § 105(a) and 506. The following constitutes the Court's finding of fact and conclusions of law.

## FACTS

The Debtors filed for bankruptcy relief under chapter 7 of the Bankruptcy Code on April 9, 2009. The Debtors obtained their discharge on July 8, 2009.

The Debtors reside at a home in Levittown, New York (the "Property"). The Property is owned by the debtor husband. The Debtors listed the Property in their Schedules A and D to the bankruptcy petition as having a value of $400,000. The Debtors listed a first mortgage against the Property held by Bank of America, N.A. ("BOA") in the amount of $411,183 on the petition date and a second mortgage also held by Bank of America in the amount of $9,904. As of May 2009, the outstanding balance on the second mortgage has grown to $10,127.99.

On May 12, 2009, BOA filed a motion seeking relief from stay, based on their second mortgage lien, in order to commence foreclosure proceedings on the basis that, *inter alia*, the Debtors have no equity in the Property. On June 1, 2009, the Debtors filed opposition to the motion for relief from stay and a cross motion seeking to avoid Bank of America's second lien on the basis that under 11 U.S.C. § 506(a), a creditor has a secured claim only to the extent of the value of its collateral and an unsecured claim for the balance. Because the second mortgage is fully unsecured, no one challenges the fact that there is no value in the property beyond the first

1

mortgage lien as of the date of the filing of the petition. The Debtors argue that the lien is not an allowed secured claim and thus, under § 506(d), such an unsecured claim is not a lien against the property and, therefore, such lien is void. Although this is a chapter 7 case, the Debtors argue that the ability of the Court to modify wholly unsecured liens against a debtor's residence in a chapter 13 case under 11 U.S.C. § 1322(b)(2) should be extended to chapter 7 cases because (1) there is no reason why unsecured liens can only be "stripped off" in a chapter 13 case and not in a chapter 7 and (2) the Debtors could obtain such relief by putting the Property into foreclosure and then immediately filing a chapter 13 case to achieve the same result.

Bank of America filed opposition to the Debtors' cross-motion on July 30, 2009. A hearing was held on September 22, 2009. At the hearing, the Debtors concede that notwithstanding their cross-motion, the automatic stay did not apply to Bank of America's attempts to proceed with a foreclosure sale because the automatic stay terminated upon the Debtors obtaining their discharge of debt on July 8, 2009. Bank of America is awaiting this Court's decision as to whether this wholly unsecured lien can be "stripped off".

## DISCUSSION

The Court notes that the Debtors' application should have been brought as an adversary proceeding rather than by motion, as Rule 7001(2) of the Federal Rules of Bankruptcy Procedures provides that an adversary proceeding includes "a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(f)."

Notwithstanding the inappropriate form of the application for the relief sought, the Debtors seek to avoid BOA's wholly unsecured second mortgage lien on the Property based upon 11 U.S.C. §§ 506 (a) and (d). In effect, the Debtors are objecting to the claim filed and

seek a determination that the claim should not be allowed as a secured claim, but should be allowed only as an unsecured claim.

Section 506 provides in relevant part:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest… is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property… and is an unsecured claim to the extent that the value of such creditor's interest… is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest."
> . . .
> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless –  (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506 (a)(1), (d)(1-2).  None of the exceptions to § 506(d) are applicable in this case.

The issues before the court are: (1) whether BOA's mortgage lien is an allowable secured claim; and (2) if it is not an allowed secured claim, can the lien be stripped off as a secured claim pursuant to Section 506(a) and 506(b).

Section 502 provides in relevant part:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.
> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that--
> (b)(1) [S]uch claim is unenforceable against the debtor and

3

> property of the debtor, under any agreement or applicable law for a
> reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502 (a)-(b)(1).

The Debtors argue that because a creditor's lien on property is secured only to the extent of the value of such creditor's interest where the creditor is wholly unsecured under § 506(a), then such lien is void under § 506(d), because it is not an "allowed secured claim."  BOA's response relies on the U.S. Supreme Court's decision in *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).

After § 506 was enacted into the Bankruptcy Code in 1984, courts generally held that "the plain language of § 506(a) meant that a creditor held a secured claim for the amount of the lien up to the value of the collateral and an unsecured claim for any amount of the lien over the amount of the value of the collateral." *In re Smith*, 247 B.R. 191, 195 (W.D. Va. 2000) (quoting *Crossroads of Hillsville v. Payne*, 179 B.R. 486, 490 (W.D. Va. 1995)). These courts further held that according to the plain language of § 506(d), the unsecured portion of a creditor's lien is to be voided. *In re Folendore*, 862 F.2d 1537 (11th Cir. 1989); *In re Mays*, 85 B.R. 955 (Bankr. E.D. Pa. 1988); *In re Lindsey*, 823 F.2d 189 (7th Cir. 1987);; *In re O'Leary*, 75 B.R. 881 (Bankr.D.Or. 1987). When a lien is voided, any post-petition property appreciation inures to the benefit of the debtor under bankruptcy fresh start principles. *In re Crouch*, 76 B.R. 91 (Bankr. W.D. Va. 1987).

### *Analysis of Dewsnup*

In *Dewsnup,* the only mortgage on debtor's property was partially secured.  The issue in that case was whether it was proper to strip off the unsecured portion of the claim held by the mortgage.  The Court held that there is ambiguity in the text, and it is uncertain whether the words "allowed secured claim" in § 506(d) has the same meaning as in §506(a).  *Id.*, at 417.

Given such ambiguity, the Court was not convinced that Congress intended to depart from the pre-Bankruptcy Code rule that liens pass through bankruptcy unaffected. *Id.* In a majority opinion, the Supreme Court held that § 506(d) did not apply to a first lien securing a claim that was fully allowed under 11 U.S.C. § 502, but rather only voids claims that have not been allowed as secured.

> Justice Scalia, joined by Justice Souter, strongly dissented, arguing that:
>
>> Read naturally and in accordance with other provisions of the statute, [506(d)] automatically voids a lien to the extent the claim it secures is not both an "allowed claim" and a "secured claim" under the Code. In holding otherwise, the Court replaces what Congress said with what it thinks Congress ought to have said -- and in the process disregards, and hence impairs for future use, well established principles of statutory construction.

*Id.* at 420 (Scalia, J., dissenting). Section 506(a) says that an "allowed claim" is also a "secured claim" 'to the extent of the value of [the] creditor's interest in the estate's interest in [the securing] property.' *Id.* at 420-21 (quoting *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 239, 109 S. Ct. 1026, 103 L. Ed. 2d 290 (1989)).

Justice Scalia further points out that the phrase "allowed secured claim[s]" used in other subsections of § 506 and in other Bankruptcy Code sections invariably means what § 506(a) describes: "the portion of a creditors allowed claim that is secured after the calculation required by that provision have been performed." *Id.* at 421. *See* 11 U.S.C. § 506(b); 11 U.S.C. § 722; 11 U.S.C. § 1225(a)(5); 11 U.S.C. § 1325(a)(5).

Justice Scalia further asserts that the Supreme Court holds that plain meaning of the Bankruptcy Code is dispositive to the exclusion of legislative history and judicial policy considerations). *Ron Pair Enterprises, Inc.*, 489 U.S. at 241. When the words of a statute are

unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.' *Rubin v. United States*, 449 U.S. 424, 430, 66 L. Ed. 2d 633, 101 S. Ct. 698 (1981); *see also Ron Pair Enterprises,* 489 U.S at 241.

While *Dewsnup* is subject to substantial judicial and scholarly criticism, "it remains the law of the land". *In re Cunningham*, 246 B.R. 241 (Bankr. D. Md. 2000) (citing *See*, e.g., Lawrence Ponoroff & F. Stephen Knippenberg, *The Immovable Object Versus the Irresistible Force: Rethinking the Relationship Between Secured Credit and Bankruptcy Policy*, 95 MICH. L. REV. 2234 (1997); Margaret Howard, *Secured Claims in Bankruptcy: An Essay on Missing the Point*, 23 CAP. U. L. REV. 313 (1994); Barry E. Adler, *Creditors Rights After Johnson and Dewsnup*, 10 BANKR. DEV. J. 1 (1993); Margaret Howard, *Dewsnupping the Bankruptcy Code*, 1 J. BANKR. L. & PRAC. 513 (1992)).

### *Distinguishing Dewsnup*

However, *Dewsnup* is not applicable to every permutation of § 506(d) cases, as *Dewsnup* itself stated, "we therefore focus upon the case before us and allow other facts to await their legal resolution on another day." *Dewsnup*, 502 U.S. at 416-17 (majority opinion).

The Debtor distinguishes *Dewsnup* from the present case advancing two arguments. First, *Dewsnup* holds that a Chapter 7 debtor may not "strip down" a *first* mortgage to the fair market value of the property. Second, *Dewsnup* disallowed a "strip down"; it did not address a "strip off", which would remove a wholly unsecured junior lien, as opposed to a "strip down", which reduces an under-secured lien to the fair market value of the collateral. *In re Arrieta*, No. 09 B 12052, 2009 Bankr. LEXIS 1683, at *2 - 3 (Bankr. N.D. Ill. June 22, 2009). Here, the Bank of America second mortgage is wholly unsecured, because the value of the collateral does not even secure the entire first mortgage lien. Debtor therefore argues that the wholly unsecured second

6

lien is voidable under § 506(d), and should be "stripped off".

While the Debtor's first argument, that *Dewsnup* dealt with first mortgage liens is factually true, as an independent argument this fails to advance a rationale why a second mortgage is different than a first mortgage under *Dewsnup*. If any part of the second mortgage lien is secured by some property, there is no authority that supports holding second mortgages to be outside of *Dewsnup*. There is no distinction based on *Dewsnup* that stripping down a second mortgage is different than stripping down a first mortgage. *In re Poirier*, 214 B.R. 528, 529 (Bankr. D. Conn. 1997) (citing *In re Willis*, 157 B.R. 617, 621 (Bankr. N.D. Ohio 1993) (holding that under *Dewsnup*, the debtor could not avoid an allowed second mortgage under § 506(d), even though little or no equity remained in the property for the second mortgagee). As long as the second mortgage had any value, *Dewsnup* would apply. Debtor's second argument, distinguishing the instant case from *Dewsnup* because the second mortgage is wholly unsecured, is the issue before this Court.

### *Treatment of wholly unsecured consensual liens by other courts*

Since *Dewsnup*, the issue of whether wholly unsecured liens with respect to consensual loans may be "stripped off", as opposed to "stripped down" as addressed by *Dewsnup*, has been a contentious issue between various bankruptcy and district courts and their respective Courts of Appeals.

The Fourth, Sixth and Ninth Circuits apply *Dewsnup* equally to both stripping down and stripping off of consensual liens. *Ryan v. Homecomings Fin. Network,* 253 F.3d 778 (4th Cir. 2001); *Talbert v. City Mortgage Servs.*, 344 F.3d 555 (6th Cir. 2003); *In re Laskin*, 222 B.R. 872, 876 (B.A.P. 9th Cir. 1998).

In *Dewsnup*, where a portion of the value of the claim at issue exceeded the value of the

7

property, the claim was both 1) allowed and 2) secured, albeit undersecured, for purposes of § 506(d). Because *part* of the claim was secured, it was considered a "secured claim" under § 506(a). Thus *Dewsnup,* does not allow the unsecured portion to be stripped down under § 506(d). However, where the claims are *totally* unsecured, there is no equity whatsoever for the junior lien to attach for purposes of § 506(a) because a creditor's claim is secured only "to the extent of the value of such creditor's interest in such property". With respect to a wholly unsecured lien, the creditor de facto only has an unsecured claim under § 506(a). Accordingly, the wholly unsecured claims cannot qualify as "allowed secured claims" under § 506(d), and must be voided. *In re Zempel*, 244 B.R. 625, 629-30 (Bankr. W. D. Ky. 1999).

In regard to Chapter 13, The Supreme Court in *Nobelman*, *Nobelman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), held that § 1322(b)(2) barred a Chapter 13 debtor from relying on § 506(a) to bifurcate an undersecured homestead mortgage to secured and unsecured components. In reaching this conclusion, the Supreme Court held it appropriate to look to § 506(a) as a preliminary matter to determine whether the claim in question was secured. *Id.* Because the mortgage in *Nobleman* was partially secured, under § 1322(b)(2) the claim is considered secured and may not be modified. This is consistent with *Dewsnup*. However, *Nobelman* is only applicable where the collateral retains some value. If the creditors are wholly unsecured under §506(a), than §1322(b)(2) will allow a debtor to reduce the claim to a general unsecured claim. *Id.* at 399 (citing *Wright v. Commercial Credit Corp.*, 178 B.R. 703, 706-07 (E.D. Va 2005); *See In re Geyer*, 203 B.R. 726, 729 (holding that "unless there is some equity to which a creditor's lien attaches, there is no allowed secured claim" under § 506(a)). The majority of circuits and bankruptcy courts limit *Nobelman* to a partially secured lien. Where the creditors are wholly unsecured, looking first to § 506(a), the lien that is wholly

8

without equity is an unsecured claim, and thus open to being void under § 506(d), and §1322(b)(2) does not bar modification of a wholly unsecured lien. *See In re Zimmer*, 313 F.3d 1220, 1221 (9th Cir. 2002); *In re Pond*, 252 F.3d 122, 126 (2d Cir.2001); *In re McDonald*, 205 F.3d 606, 615 (3d Cir. 2000); *In re Tanner*, 217 F.3d 1357 (11th Cir. 2000); *In re Mann*, 249 B.R. 831, 840 (B.A.P. 1st Cir. 2000); *First Mariner Bank v. Johnson,* No. RWT 09-0053, 2009 U.S. Dist. LEXIS 79354, **7-8 (D. Md. September 3, 2009); *In re Sette*, 164 B.R. 453, 456 (Bankr. E.D.N.Y. 1994); *In re Hornes,* 160 B.R. 709 (Bankr. D. Conn. 1993). These holdings in a Chapter 13 context clearly demonstrate that under the Code it is appropriate under § 506(a) and § 506(d) to distinguish partially secured liens from wholly unsecured liens. Once it is established that *Dewsnup* is distinguished, there is no reason why in a Chapter 7 context the same language in § 506(a) and (d) should not void the lien of a wholly unsecured claim.

A wholly unsecured lien cannot qualify as an "allowed secured claim" under § 506(a), and is void under § 506(d) – is applicable in the present case, and thus easily distinguished from *Dewsnup* . First, the Bank of America second mortgage cannot be considered a secured claim under § 506(a), because the junior claim is wholly unsecured. Accordingly, the plain meaning of §506(d) requires the lien to be voided. Second, the Supreme Court itself limited *Dewsnup* to its specific facts, and in light of the persuasive argument of Justice Scalia in the dissent regarding the requirement to interpret a seemingly unambiguous statute according to its plain textual meaning, *Dewsnup* should be  narrowly interpreted.  Because this case is substantially distinguished from *Dewsnup*, there is no reason for this Court to read §506(a) and § 506(d) in any way other than their plain textual meaning. The plain meaning is applied to Chapter 13 §1322(b)(2) analysis where the lien is wholly unsecured, and there is no logical reason to read the text differently when applied to Chapter 7 wholly unsecured liens.

9

Arguments that debtors will benefit from possible windfalls, are not persuasive. Markets are uncertain, and it is not certain such a scenario will ever occur. Secondly, the creditors' right to foreclose will not result in any present monetary gain for the creditor since there is no value in the property for them. Bankruptcy is not intended to benefit either the creditor in securing a potential increase in property value, or the debtor. However, where the future is unknown, bankruptcy principles of giving the debtor a fresh start should apply. While these issues of debtors' and creditors' rights are the subject of long standing philosophical debate, in light of the unambiguous, clear language of § 506(a) and (d),   § 506(d) requires this Court to void the lien as a matter of law regardless of any possible further potential debtor benefits.

## CONCLUSION

The BOA's second mortgage claim is not an allowed secured claim pursuant to Section 502 of the Bankruptcy Code, since it has no collateral to support its claim.  It is an allowed unsecured claim.

Based upon the foregoing, the Debtors' cross-motion to void Bank of America's second mortgage lien pursuant to Section 506(a) and 506(d) against the Property is granted.

So ordered.

Dated:  Central Islip, New York

November 19, 2009

*/S/ Dorothy Eisenberg*

Dorothy Eisenberg

United States Bankruptcy Judge